IN THE SUPREME COURT OF TEXAS












IN THE SUPREME COURT OF TEXAS

 

════════════

No. 07-0140

════════════

 

Trinity Universal Insurance
Company, Petitioner,

 

v.

 

Cellular One Group, Respondent

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Fifth District of Texas

════════════════════════════════════════════════════

 

 

Argued February 6,
2008

 

            Chief Justice Jefferson delivered the opinion of the Court, in
which Justice O’Neill, Justice
Wainwright, Justice Medina,
Justice Green, Justice Johnson, and Justice Willett joined. 

 

            Justice Hecht delivered a dissenting
opinion, in which Justice Brister joined.

 

            Cellular One Group, a wireless
telephone manufacturer, was sued in three putative class action lawsuits in
which the plaintiffs alleged that radio frequency radiation emitted by wireless
telephone handsets caused biological injury. Cellular One tendered the defense
of these suits to its insurer, Trinity Universal Insurance Company, from which
Cellular One had purchased a number of commercial general liability policies
and excess liability policies over a ten-year period. The policies at issue covered
“those sums that the insured becomes legally obligated to pay as damages
because of ‘bodily injury’ . . . to which this insurance applies.” The policies
defined “bodily injury” as “bodily injury, sickness or disease sustained by a
person, including death resulting from any of these at any time.” 

            Trinity agreed to defend the cases,
but reserved its right to contest its obligation to defend or indemnify. Trinity
then sought a declaration that it had no duty to defend the cases. On cross
motions for summary judgment, the trial court held that Trinity had a duty to
defend Cellular One in Farina, Gilliam, and Pinney.[1] In a memorandum opinion, the court of
appeals affirmed, noting that all of Trinity’s issues had been resolved in that
court’s Samsung and Nokia decisions. ___ S.W.3d
___, ___. 

            Today, in Zurich American
Insurance Co. v. Nokia, ___ S.W.3d ___, we hold that the insurers have a
duty to defend the very cases at issue here. Zurich is dispositive.
For the reasons stated therein, we conclude that Trinity has a duty to defend
Cellular One in Farina, Gilliam, and Pinney,
and we affirm the court of appeals’ judgment.

            

            ______________________________

Wallace B. Jefferson 

                                                                                                            Chief
Justice 

 

OPINION DELIVERED: August 29, 2008














[1] Trinity’s motion for summary judgment stated
that Trinity was a defendant in five class action lawsuits (Pinney,
Farina, Gilliam, Gimpelson, and Naquin)
and asserted that there was no duty to defend any of them. For reasons that are
not apparent from the record, the trial court’s judgment was limited to Farina,
Gilliam, and Pinney. Neither
party complains of the omission of Gimpelson
and Naquin, and we do not address those underlying cases. All of
the cases are described more fully in Zurich American Insurance Co. v. Nokia,
___ S.W.3d ___, decided today.